## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CASE NO.  6:18-CV-1007-RBD/KRS

MARC BEAUMONT,

        Plaintiff,

vs.

OCWEN LOAN SERVICING LLC,

        Defendants.

_____/

### DEFENDANT OCWEN LOAN SERVICING LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT

Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Verified Complaint For Violations of the Telephone Consumer Protection Act 47 U.S.C. §227 *et seq.* filed by Plaintiff Marc Beaumont ("Plaintiff"), and states as follows:

### ANSWER

### PRELIMINARY STATEMENT

1.      Ocwen admits that Plaintiff purports to state a claim for damages for violations of the Telephone Consumer Protection Act ("TCPA"), but denies that Plaintiff states any claim for which he is entitled to relief.

2.      Ocwen is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2 and thus, denies the same.  Ocwen further states that the allegations of Paragraph 2 relate to the contentions and intentions of Plaintiff rather than facts capable of being admitted or denied.

3.     Ocwen denies Paragraph 3.

4.     Ocwen denies Paragraph 4.

## JURISDICTION AND VENUE

5.     Ocwen admits that Plaintiff purports to state claims within the jurisdiction of this Court, but denies that Plaintiff states a claim for which he is entitled to relief.

6.     Ocwen denies Paragraph 6.

7.     Ocwen admits that Plaintiff purports to state claims within the venue of this Court, but denies that Plaintiff states a claim for which he is entitled to relief.

8.     Ocwen admits that Plaintiff purports to state claims within the venue of this Court, but denies that Plaintiff states a claim for which he is entitled to relief.

9.     Ocwen admits that Plaintiff purports to state claims within the jurisdictional amount of this Court, but denies that Plaintiff states a claim for which he is entitled to relief.

## PARTIES

10.    Ocwen is without knowledge sufficient to form a belief as the truth of the allegations of Paragraph 10 and thus, denies the same.

11.    Ocwen admits that it is a Delaware limited liability company registered to do business in the State of Florida with its principal address at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409.  Ocwen denies the remaining allegations of Paragraph 11.

## FACTUAL ALLEGATIONS

12.    Ocwen admits that Plaintiff purports to state a claim arising out of telephone calls made to collect sums due under a residential mortgage loan, but denies that Plaintiff states a claim for which he is entitled to relief.

13.    Ocwen admits that on November 20, 2013, it placed a telephone call to (386) 846-

0249.   Ocwen is without knowledge sufficient to form a belief as to the truth of the remaining allegations and thus, denies the same.

14.     Ocwen denies Paragraph 14.

15.     Ocwen denies Paragraph 15.

16.     Ocwen admits that it placed telephone calls to (386) 846-0249 on the following dates and times and that these phone calls fall outside of the applicable statute of limitations:

> November 20, 2013 at 5:03 p.m.
>
> November 21, 2013 at 7:14 p.m.
>
> November 22, 2013 at 7:17 p.m.
>
> November 23, 2013 at 8:32 a.m.
>
> November 24, 2013 at 8:48 p.m.
>
> November 27, 2013 at 7:47 p.m.
>
> November 29, 2013 at 3:48 p.m.
>
> December 3, 2013 at 7:50 p.m.
>
> December 5, 2013 at 7:38 p.m.
>
> December 12, 2013 at 5:18 p.m.

Ocwen admits that it placed telephone calls to (386) 846-0249 on the following dates and times:

> June 26, 2014 at 5:57 p.m.
>
> July 14, 2014 at 4:29 p.m.
>
> July 17, 2014 at 3:05 p.m.
>
> July 31, 2014 at 12:08 p.m.
>
> August 29, 2014 at 11:54 a.m.
>
> September 9, 2014 at 3:01 p.m.

September 11, 2014 at 4:40 p.m.

September 22, 2014 at 12:53 p.m.

September 29, 2014 at 12:06 p.m.

October 8, 2014 at 11:33 a.m.

October 9, 2014 at 6:57 p.m.

October 29, 2014 at 11:53 a.m.

November 12, 2014 at 5:40 p.m.

November 28, 2014 at 11:45 a.m.

December 2, 2014 at 4:37 p.m.

December 4, 2014 at 1:20 p.m.

December 8, 2014 at 4:23 p.m.

December 14, 2014 at 3:29 p.m.

December 17, 2014 at 1:30 p.m.

January 5, 2015 at 6:45 p.m.

January 14, 2015 at 4:30 p.m.

January 22, 2015 at 1:09 p.m.

January 29, 2015 at 9:23 a.m.

February 4, 2015 at 9:38 a.m.

February 9, 2015 at 2:28 p.m.

February 11, 2015 at 4:35 p.m.

February 13, 2015 at 1:41 p.m.

February 24, 2015 at 9:07 a.m.

September 10, 2015 at 2:34 p.m.

September 14, 2015 at 12:39 p.m.

September 17, 2015 at 10:55 a.m.

September 22, 2015 at 10:56 a.m.

September 23, 2015 at 3:41 p.m.

September 24, 2015 at 4:45 p.m.

October 1, 2015 at 9:40 a.m.

October 7, 2015 at 7:06 p.m.

October 8, 2015 at 10:48 a.m.

October 16, 2015 at 2:45 p.m.

October 21, 2015 at 4:09 p.m.

October 22, 2015 at 5:18 p.m.

October 27, 2015 at 10:24 a.m.

October 29, 2015 at 4:07 p.m.

November 10, 2015 at 3:01 p.m.

November 12, 2015 at 2:50 p.m.

November 19, 2015 at 3:24 p.m.

Ocwen denies the remaining allegations of Paragraph 16.

17.     Ocwen is without knowledge sufficient to for a belief as the truth of the allegations of Paragraph 17 and thus, denies the same.

18.     Ocwen is without knowledge sufficient to for a belief as the truth of the allegations of Paragraph 18 and thus, denies the same.

19.     Ocwen is without knowledge sufficient to for a belief as the truth of the allegations of Paragraph 19 and thus, denies the same.

20.     Ocwen denies Paragraph 20.

21.     Ocwen denies Paragraph 21 and refers Plaintiff to its response to Paragraph 16.

22.     Ocwen denies Paragraph 22 and refers Plaintiff to its response to Paragraph 16.

23.     Ocwen denies Paragraph 23.

24.     Ocwen denies Paragraph 24.

25.     Ocwen is without knowledge sufficient to for a belief as the truth of the allegations of Paragraph 25 and thus, denies the same.

26.     Ocwen is without knowledge sufficient to for a belief as the truth of the allegations of Paragraph 26 and thus, denies the same.

27.     Ocwen denies Paragraph 27.

## COUNT I

28.     Ocwen incorporates by reference herein its responses to Paragraphs 1 through 27 as though set forth fully herein.

29.     Ocwen denies Paragraph 29.

## GENERAL DENIAL

Ocwen denies each and every allegation of the Complaint not expressly admitted herein, and demand strict proof thereof.  As to Plaintiff's prayers for relief, Ocwen denies that Plaintiff is entitled to the relief requested therein or any other relief.

## AFFIRMATIVE DEFENSES

Ocwen states the following affirmative defenses to the Complaint and reserves the right to amend as discovery continues or the facts warrant:

## FIRST AFFIRMATIVE DEFENSE

As and for its first affirmative defense, Ocwen alleges that any action taken or admitted by

Ocwen (this being expressly denied in any event) was taken or omitted in good faith and in conformity with the TCPA, any and all applicable statutory and regulatory provisions and any and all applicable advisory opinions of regulatory agencies. Ocwen has not acted with negligence, malice or willful intent to injure Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

As and for its second affirmative defense, Ocwen alleges that Plaintiff did not sustain any compensable actual damages and is not othiswise entitled to recover such damages.

## THIRD AFFIRMATIVE DEFENSE

As and for its third affirmative defense, Ocwen alleges that Plaintiff's claims are barred, in whole or in part, by the TCPA's four-year statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

As and for its fourth affirmative defense, Ocwen alleges that Plaintiff fails to adequately allege that Ocwen made phone calls without Plaintiff's express consent or that Plaintiff adequately revoked his prior consent as a matter of law.

## FIFTH AFFIRMATIVE DEFENSE

As and for its fifth affirmative defense, Ocwen alleges that it is not responsible for the conduct of Plaintiff and/or any third parties over whom it did not exercise any control or authority who may have caused or contributed to Plaintiff's alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

As and for its sixth affirmative defense, Ocwen states that Plaintiff's claims are barred, in whole or in part, because the alleged communications with Plaintiff were not made in an effort to collect a debt and/or were required by applicable law.

## SEVENTH AFFIRMATIVE DEFENSE

As and for its seventh affirmative defense, Ocwen states that that Plaintiff's claims are barred, in whole or in part, due to the doctrine of unclean hands to the extent Plaintiff provided Ocwen and/or its predecessors with his alleged cellular phone number without identifying it as a cellular phone number for purposes of contacting Plaintiff regarding his debt.   Under such circumstances, Ocwen and its predecessors would have reasonably relied upon Plaintiff's representations such that Plaintiff cannot recover for phone calls made to that phone number.

## EIGHTH AFFIRMATIVE DEFENSE

As and for its eighth affirmative defense, Ocwen states that that Plaintiff's claims are barred, in whole or in part, as Ocwen is entitled to set off any damages recovered by Plaintiff with those amounts owed by Plaintiff to Ocwen.

## NINTH AFFIRMATIVE DEFENSE

As and for its ninth affirmative defense, Ocwen states that Plaintiff is barred from recovery because Plaintiff provided express consent to receive calls on his cellular phone as part of his application for credit or other documents submitted in connection with his loan.

## TENTH AFFIRMATIVE DEFENSE

As and for its tenth affirmative defense, Ocwen states that no act or failure to act on the part of Ocwen proximately caused any actual or other damages in this case.

## ELEVENTH AFFIRMATIVE DEFENSE

As and for its eleventh affirmative defense, Ocwen states that the telephone system used to make phone calls to Plaintiff does not qualify or meet the definition of an "automatic telephone dialing system" under the TCPA.

## <u>TWELFTH AFFIRMATIVE DEFENSE</u>

As and for its twelfth affirmative defense, Ocwen states that Plaintiff's claim is barred for failure to mitigate his alleged damages.  Specifically, and without limitation, any damages incurred due to Ocwen's conduct (this being denied in any event) could have been alleviated by Plaintiff's timely repayment of the alleged debt.

WHEREFORE, Ocwen Mortgage, LLC, having answered the Verified Complaint, respectfully requests that Court deny the relief sought in the Verified Complaint, enter judgment in favor of Ocwen Mortgage, LLC, and award such other relief as the Court deems appropriate.


Respectfully submitted,

**GREENBERG TRAURIG, P.A.**

By:  s/ *Linda M. Reck*
      Linda M. Reck, Esq.
      Florida Bar No. 669474
      450 South Orange Avenue, Suite 650
      Orlando, FL 32801
      Telephone: (407) 420-1000
      *Reckl@gtlaw.com*
      *Shelnutl@gtlaw.com*
      *FLService@gtlaw.com*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 2, 2018, I electronically filed the foregoing Answer and Affirmative Defenses of Defendant, Ocwen Loan Servicing LLC, with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on Plaintiff Marc Beaumont, 1122 Meditation Loop, Port Orange, Florida 32129, Email: mbprom6@hotmail.com, via Registered Email and U.S. Mail.

By: <u>s/ *Linda M. Reck*</u>
Linda M. Reck

*WPB 384338852v1*